The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURT BAGLEY and SANDRA BAGLEY, husband and wife and the marital community comprised thereof,<br><br>                              Plaintiffs,<br><br>        v.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>                              Defendant. | No. 2:16-CV-00706-JCC<br><br>SECOND AMENDED COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF |

For cause of action against defendant, plaintiffs allege as follows:

## I.  PARTIES

1.1.    Curt Bagley and Sandra Bagley are husband and wife.  They live at 4101 Matia Dr., Ferndale, Washington.  They purchased a homeowners insurance policy from defendant Travelers Home and Marine Insurance Company which was in effect on November 12, 2015.

1.2.    Travelers Home and Marine Insurance Company ("Travelers") is a foreign corporation doing business in Whatcom County.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.  JURISDICTION AND VENUE

2.1.    The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332 and 1441. This action involves citizens of different states and an amount in controversy in excess of $75,000. The subject-matter jurisdiction of this Court was invoked by Travelers, which removed this action from Whatcom County Superior Court.

2.2.    The Court has personal jurisdiction over defendant.

2.3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

## III.FACTS

3.1.    On November 12, 2015, a large windstorm occurred in and about Ferndale, Washington.  Winds were high and continuous throughout the day.

3.2.    Gusts of at least 61 miles per hour were recorded.

3.3.    At that time and date, plaintiffs had a boat moored to their dock located on the Sandy Point Canal.

3.4.    The Bagleys' dock is located in a protected waterway.

3.5.    As a direct and proximate result of the wind operating on the boat and dock, the dock and ramp were severely damaged.

3.6.    Waves were not a possible source of damage.

3.7.    Prior to the loss, plaintiffs rented a different slip in the Sandy Point Canal to a third party. Following the damage to plaintiffs dock and ramp, plaintiffs have been required to keep the boat that was once tied to their dock in the other slip and, consequently, have lost the monthly moorage income for that slip.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

3.8.    Plaintiffs Bagley were insured by Travelers under a homeowners' policy no. 0DGQ30-990362148-663-1.  The policy provides coverage for damage due to wind.

3.9.    The dock and ramp are covered by the policy.

3.10.    Plaintiffs properly presented a claim to Travelers on November 13, 2015, the day after the loss due to wind.

3.11.    No person from Travelers investigated the loss before November 18, 2015, nearly a week after the loss occurred.  The weather conditions were substantially different at that time.

3.12.    The adjuster assigned to the Bagley claim observed the waterway in which the Bagley's dock is located.

3.13.    The adjuster assigned to the claim observed the conditions of the waterway and that waves were not a possible source of damage, as the dock is in a protected waterway.

3.14.    The adjuster assigned to the claim did not interview any witnesses other than Mr. Bagley.

3.15.    The adjuster assigned to the claim has had no training in determining the existence, the height, or the power or force of waves.

3.16.    Travelers learned that there was no evidence to support that the loss was caused by waves and, therefore, that there was no reason to deny the claim.

3.17.    Travelers denied the claim anyway on the grounds that the loss was caused by waves.

3.18.    The Bagleys specifically asked Travelers how they came to the determination that the loss was caused by waves.

SECOND AMENDED COMPLAINT- 3
(2:16-cv-00706-JCC)

3.19.    Travelers did not tell the Bagleys that there was no evidence to support that the loss was caused by waves and continued to deny the Bagleys' claim.

3.20.    The Bagleys were forced to hire attorneys to try to enforce their rights under the policy.

3.21.    The Bagleys were forced to perform their own investigation into the loss.

3.22.    Only after the Bagleys were forced to hire attorneys, conduct their own investigation into the loss, and commence this litigation, did Travelers hire a purported expert to assess damages.

3.23.    Travelers' expert produced a May 5, 2016 report (nearly six months after the loss) in which it was concluded that "waves were not a possible source of damage, as the dock is in a protected waterway."

3.24.    Travelers improperly denied coverage for plaintiffs' claim.

3.25.    Insurance companies are prohibited by industry standards and Washington Administrative Code Regulations from:

- Misrepresenting facts and policy provisions.

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

- Failing to adopt and implement reasonable standards for the prompt investigation of claims.

- Failing to advise insured of what is necessary to complete the claim.

- Failing to assist the insured.

- Refusing to pay claims without a reasonable investigation.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

- Compelling first party claimants to initiate litigation by offering substantially less than the amounts due under policies.

- Failing to promptly settle claims where liability has become reasonably clear.

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.

- Failing to disclose all rights and benefits under an insurance policy to the insured.

- Attempting to transfer the cost of investigation to the insured.

- Failing to complete a full and fair investigation within 30 days.

3.26.    The conduct of defendant Travelers has violated all of the above standards in Washington Administrative Code Regulations.

## CAUSES OF ACTION

## IV. CLAIM NO. 1 – DECLARATORY JUDGMENT

4.1.    The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

4.2.    The case involves a justiciable controversy.

4.3.    Defendants have refused to acknowledge coverage for the loss and have denied coverage.

4.4.    Mr. and Mrs. Bagley seek a judgment from this Court that Travelers is in violation of the provisions of the unfair settlement practices regulations.

4.5.    Mr. and Mrs. Bagley seek a judgment from this Court declaring that Travelers is estopped from asserting any time limitation as a defense to coverage claims.

4.6.    Mr. and Mrs. Bagley seek a judgment from this Court declaring that coverage exists under the policy.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.7.   Mr. and Mrs. Bagley seek determination that Travelers is liable for plaintiffs' reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.,* 128 Wn.2d 26, 904 P.2d 731 (1995), and RCW 19.86.090.

## V.  CLAIM NO. 2 – BREACH OF CONTRACT

5.1.   The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

5.2.   The insurance policy is a valid, enforceable contract.

5.3.   Travelers is in breach of the insurance contract.

5.4.   The Bagleys have sustained damage as a result of Traveler's breach in an amount to be proven at trial.

5.5.   In addition to the Bagley's damages, Travelers is liable for the Bagley's reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

## VI. CLAIM NO. 3 – INSURANCE BAD FAITH

6.1.   The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

6.2.   Traveler's conduct was unreasonably, frivolous, or unfounded and constitutes insurance bad faith.

6.3.   Travelers is in violation of the provisions of the Unfair Claim Settlement Practices Regulation.

6.4.   Travelers is in violation of industry standards for the handling of insurance claims.

6.5.   The Bagleys sustained damage as a result of Travelers' conduct.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.6.    Travelers is liable for the Bagley's consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### VII.    CLAIM NO. 4 – NEGLIGENT CLAIMS HANDLING

7.1.    The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

7.2.    The conduct of the defendants described above was unreasonable, in violation of the Unfair Claim Settlement Practices Regulation, and constitutes negligent claims handling.

7.3.    The Bagleys sustained damage as a result of Traveler's conduct.

### VIII.   CLAIM NO. 5 – CONSUMER PROTECTION ACT

8.1.    The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

8.2.    Travelers engaged in unfair or deceptive acts or practices.

8.3.    Travelers' conduct occurred in trade or commerce.

8.4.    Travelers is in violation of the Unfair Claims Settlement Practices Regulation.

8.5.    Travelers' conduct affected the public interest.

8.6.    Traveler's conduct caused injury to the Bagleys "business or property" under the Consumer Protection Act.

8.7.    The Bagleys sustained damage as a result of Traveler's conduct.

8.8.    Defendant's conduct violates the Washington Consumer Protection Act.

8.9.    In addition to damages, Travelers is liable for attorney fees and costs under RCW 19.86.090.

8.10.    The Court should order Travelers to pay enhanced damages under RCW 19.86.090.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IX. CLAIM NO. 6 – CONSTRUCTIVE FRAUD

9.1.     The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

9.2.     Defendant's conduct herein constitutes constructive fraud.

## X.  CLAIM NO. 7 – FRAUD

10.1.    The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

10.2.    Travelers' conduct herein constitutes fraud.

10.3.    During the course of plaintiffs' dealings with Travelers, plaintiffs' relied on the implicit and explicit representations that the defendant would pay for covered losses and that it would do so promptly and fairly.

10.4.    Travelers also represented that waves caused the damage when it was impossible that this could be true.

10.5.    These representations made by Travelers were false.

10.6.    Travelers had no intention to pay fairly and misrepresented the cause of plaintiffs' loss to escape payment.

10.7.    Travelers knew or should have known that its representations were false and would disadvantage the plaintiffs.

10.8.    Plaintiffs were ignorant as to the falsity of the representations made by Travelers.

10.9.    Plaintiffs relied on the truth of the referenced representations and placed their trust in defendant.

10.10.   Plaintiffs suffered a loss and were harmed as a direct and proximate result of their reliance on the representations of defendant.

10.11.   Plaintiffs have been damaged in an amount that will be proved at trial.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# XI. CLAIM NO. 8 - NEGLIGENT / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11.1.    The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

11.2.    Defendant's conduct amounts to negligent or intentional infliction of emotional distress.

11.3.    Mr. and Mrs. Bagley sustained damage as a result.

11.4.    Defendants are liable for Mr. and Mrs. Bagley's damages.

## XII.    CLAIM NO. 9 – INJUNCTIVE RELIEF

12.1.    The plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

12.2.    Mr. and Mrs. Bagley assert a claim for injunctive relief under the Consumer Protection Act.

12.3.    The Court should enjoin Travelers from further acts that violate the Washington Administrative Code, the insurance code, or the Consumer Protection Act.

12.4.    Specifically, the Court should enter an injunction that:

- Prohibits Travelers from denying claims such as the Bagleys' without adequate analysis of the cause of loss;

- Prohibits Travelers form denying claims such as the Bagleys' for reasons known to be false;

- Establishes sufficient controls within Travelers' claims department to ensure honest, objective, and unbiased claim determinations;

- Requires re-training on unbiased claims handling for all Washington property claims adjusters; and

- Removes the adjusters assigned to the Bagley claim from all Washington claims until properly re-trained.

12.5.    The Court should require that Travelers enact procedures by which the insurance company lives up to its legal obligations to its insureds.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

12.6.    Travelers is liable for reasonable attorney fees and costs under RCW 19.86.090.

## XIII.   CLAIM NO. 10 - INSURANCE FAIR CONDUCT ACT

13.1.    Plaintiffs incorporate all of the preceding paragraphs as if fully set forth herein.

13.2.    Plaintiffs are first party claimants to a policy of insurance.

13.3.    Travelers unreasonably denied a claim for coverage or payment of benefits.

13.4.    Travelers is in violation of the provisions of the Unfair Claims Settlement
Practices regulation, namely those regulations set forth in RCW 48.30.015(5).

13.5.    Plaintiffs have sustained actual damage as a result of Travelers' conduct.

13.6.    Plaintiffs have provided Travelers with notice of its basis of this claim as
required by RCW 48.30.015(8).

13.7.    In addition to plaintiffs' actual damages, Travelers is liable for attorney fees and
costs under RCW 48.30.015(1), (3).

13.8.    The Court should order Travelers to pay enhanced damages under RCW
48.30.015(2).

## XIV.   PRAYER FOR RELIEF

WHEREFORE, Mr. and Mrs. Bagley request that this Court:

A.    Enter a declaratory judgment as stated;

B.    Enter a money judgment against defendants in the amount that we will prove;

C.    Enter an injunction as stated;

D.    Award plaintiffs costs, disbursements, and attorney's fees, including reasonable
attorney's fees and costs under *Olympic Steamship Co. v. Centennial Insurance
Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, RCW 48.30.015, for
constructive fraud, fraud, and for defendant's bad faith.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.      Otherwise award plaintiffs their attorney fees and costs;

F.      Award enhanced damages pursuant to RCW 19.86.090 and RCW 48.30.015; and

G.      Award such other relief as is just and proper.

DATED this 6th day of June, 2016.

                                        KELLER ROHRBACK L.L.P.


                                        By: s/*Kathryn M. Knudsen*
                                            William C. Smart, WSBA #8192
                                            Kathryn M. Knudsen, WSBA #41075
                                            Attorneys for Plaintiffs Curt Bagley and
                                            Sandra Bagley

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on June 6, 2016, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system which will send notification of such filing to the persons

4

listed below:

5

Lloyd Bernstein

6

300 Pioneer Tower
888 SW Fifth Avenue

7

Portland, OR 97204
loyd.bernstein@bullivant.com

8

*Attorneys for Defendant*

9

10

By: s/ *Shannon K. McKeon*
Shannon K. McKeon

11

Legal Assistant
Keller Rohrback L.L.P.

12

1201 Third Avenue, Suite 3200

13

Seattle, WA 98101
(206) 623-1900

14

15

16

17

18

19

20

21

22

23

24

25

26

SECOND AMENDED COMPLAINT- 12
(2:16-cv-00706-JCC)

**KELLER ROHRBACK L.L.P.**

1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384