THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CURT BAGLEY and SANDRA BAGLEY, husband and wife and the marital community comprised thereof,

    Plaintiff,

v.

TRAVELERS HOME AND MARINE INSURANCE COMPANY,

    Defendant.

No.: 2:16-cv-00706-JCC

DEFENDANTS MOTION TO QUASH AND FOR A PROTECTIVE ORDER

NOTED ON THE MOTION CALENDAR: <u>JUNE 17, 2016</u>

## I. CONFERRAL

The parties have conferred on the issues that the subject of this motion and unfortunately have been unable to resolve their differences.

## II. RELIEF REQUESTED

Defendant Travelers Home and Marine Insurance Company ("Travelers") moves the Court to enter an order quashing and/or a protective order against the subpoena and notice of deposition of Lloyd Bernstein, defense counsel for Travelers and the subpoena and notice of deposition of Lisa Cronin, in-house counsel for Travelers, and holding that Ms. Cronin has no obligation to produce privileged documents sought in the subpoena issued to her.

/ / /

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA OF LLOYD BERNSTEIN AND LISA CRONIN – Case No.: 2:16-cv-00706-JCC    Page 1

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone: (206) 292-8930

## III. INTRODUCTION

This case arises out of damage to plaintiffs' dock in Ferndale, Washington in November 2015. Plaintiffs made a claim under their homeowners policy issued by Travelers, Policy Number 990362148 633 1 (the "Policy"). After investigating the claim, Travelers denied coverage for the claim. Plaintiffs filed a Complaint in state court, and Travelers subsequently removed to this Court.

On May 26, 2016, plaintiffs served Travelers with notices of deposition and subpoenas to depose Lloyd Bernstein, defense counsel for Travelers, and Lisa Cronin, in-house counsel for Travelers. Declaration of Lloyd Bernstein in Support of Defendant Travelers' Motion to Quash and for a Protective Order ("Bernstein Decl.") at ¶¶ 2-3, Ex. A-B. Travelers moves for the Court to enter an order of the Court quashing those subpoenas or otherwise enter a protective order forbidding the depositions of Mr. Bernstein and Ms. Cronin. FRCP 45(d)(3)(A) provides, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c)(1).

## IV. ARGUMENT AND AUTHORITY

As a general rule, courts are hesitant to grant protective orders prohibiting a deposition absent extraordinary circumstances. However, a request to depose an opposing party's attorney constitutes a circumstance justifying the departure from the general rule.[1] The Federal Rules of Civil Procedure do not explicitly prohibit the deposition of an opposing party's attorney, but federal courts have held that depositions of attorneys inherently constitute an invitation to harass the attorney and the opposing party, and disrupt and delay

---

[1] *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 84 (M.D.N.C. 1987).

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA
OF LLOYD BERNSTEIN AND LISA CRONIN –
Case No.: 2:16-cv-00706-JCC

Page 2

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone: (206) 292-8930

the case.[2] Further, seeking the deposition of counsel adds to the cost of litigation and threatens the attorney-client relationship.[3]

The Ninth Circuit has not specifically addressed the standard or burden to apply where a party seeks to take the deposition of the opposing party's attorney. However, district courts in Washington and most other district courts have followed the three-prong test of *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).[4] The *Shelton* court emphasized that because deposing a party's attorney can have such a negative impact on the litigation process, the practice of deposing opposing counsel should only be employed in very limited circumstances.[5] Depositions of opposing counsel should be limited to circumstances where the party seeking to take the deposition shows:

    (1)    no other means exist to obtain the information than to depose opposing counsel;

    (2)    the information sought is relevant and non-privileged; and

    (3)    the information is crucial to preparation of the case.[6]

Under the *Shelton* test, the burden of establishing the right to discovery from

---

[2] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986); *West Peninsular title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437 (E.D. Pa.1981); *Walker v. United Parcel Services*, 87 F.R.D. 360 (E.D.Pa.1980).

[3] *Shelton,* 805 F.2d at 1327.

[4] *See e.g. Bybee Farms LLC, supra; see also DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413 (W.D. Wash. 2007); *Lloyd Lifestyle Ltd. v. Soaring Helmet Corp.,* 2006 WL 753243, * 1, 2 (W.D. Wash. 2006); *FMC Tech, Inc. v. Edwards*, 2007 WL 836709, * 2, 3 (W.D. Wash. 2007); *Caterpillar Inc. v. Friedemann*, 164 F.R.D. 76, 77 (D.Or.1995); *In re Sause Bros. Ocean Towing,* 144 F.R.D. 111, 116-17 (D.Or.1991); *Theissen v. General Electric Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir.2001).

[5] 805 F.2d at 1327.

[6] *Id.*

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA OF LLOYD BERNSTEIN AND LISA CRONIN – Case No.: 2:16-cv-00706-JCC

Page 3

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone: (206) 292-8930

opposing counsel is upon the requesting party.[7] A party's failure of any prong of the three-part test requires the court to grant the motion to quash.[8]

1. **The Court Should Quash the Subpoena of Travelers' Defense Counsel, Lloyd Bernstein**

Plaintiffs seek to depose Lloyd Bernstein, defense counsel for Travelers. Plaintiffs cannot establish the factors set out in the *Shelton* test for determining whether deposing the opposing party's lawyer is appropriate, and therefore they should be prohibited from deposing Mr. Bernstein.

A. **Any information Mr. Bernstein has is available through other means.**

Plaintiffs must demonstrate that no means other than deposing Travelers' defense counsel exist to obtain the information they seek.[9] A deposition of the opposing party's attorney is not required simply because it would be helpful to their case.[10]

It is unclear what information plaintiffs are hoping to obtain by deposing Mr. Bernstein, but any information he has is available to plaintiffs' through the usual avenues of discovery. Any factual information that Mr. Bernstein has is available through requests for production of documents or depositions of people actually involved in handling plaintiffs' claim. In fact, plaintiffs deposed Mathew Gjersee, the claims adjuster who handled plaintiffs' claim, on May 3, 2016. Plaintiffs have noticed the deposition of Roopesh Sharma, Mr. Gjersee's direct supervisor, and Roman Cross, the engineer Travelers hired to review the damage and calculate an estimate for repair.

Any information that Mr. Bernstein has is available through the ordinary method of

---

[7] *Lloyd Lifestyle Ltd.*, C06-0349C, 2006 WL 753243, at *2.

[8] *Id.*

[9] *Shelton*, 805 F.2d at 1328.

[10] *FMC Techs., Inc. v. Edwards*, C05-946C, 2007 WL 836709, at *4 (W.D. Wash. Mar. 15, 2007).

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA OF LLOYD BERNSTEIN AND LISA CRONIN – Case No.: 2:16-cv-00706-JCC

Page 4

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone: (206) 292-8930

discovery – requests for product, interrogatories, requests for admission, and depositions. Plaintiffs must demonstrate why those methods of discovery would fail to lead to the information that they need to prepare their case, leaving the deposition of Mr. Bernstein as their only means to obtain the information that they need.

**B.    Plaintiffs cannot demonstrate that the information they seek from Mr. Bernstein is relevant and non-privileged.**

A recent Washington Supreme Court decision, *Cedell v. Farmers*,[11] shifted the burden to the insurer to prove that its pre-litigation communications with an attorney are protected by the attorney-client privilege. *Cedell* requires an insurer to disclose documents pertaining to its "quasi-fiduciary" duties—that is, its investigative and claim-handling functions. However, even under *Cedell*, an insurer is not required to produce the privileged advice of its legal counsel.

Mr. Bernstein was not retained to represent Travelers until after it was served with plaintiffs' IFCA Notice and Complaint. Bernstein Decl. at ¶ 4. Therefore, the presumption under *Cedell* that pre-litigation communications between the insurer and its counsel are not privileged does not apply here because Mr. Bernstein did not have any pre-litigation communication with Travelers in this matter. Thus, plaintiffs' have the burden under the *Shelton* framework to prove that the information they seek to obtain by deposing Mr. Bernstein is relevant and non-privileged. Because Mr. Bernstein became involved in this matter only after litigation had commenced, it is difficult to imagine what information plaintiffs seek that is non-privileged and could not be obtained through other means.

**C.    Plaintiffs cannot demonstrate that any information Mr. Bernstein has is crucial to the preparation of their case.**

As the *Shelton* court notes, "The harassing practice of deposing opposing counsel

---

[11] *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 295 P.3d 239 (2013).

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA OF LLOYD BERNSTEIN AND LISA CRONIN – Case No.: 2:16-cv-00706-JCC

Page 5

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone:    (206) 292-8930

(unless that counsel's testimony is crucial and unique) appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process."[12] The fact that taking the deposition of opposing counsel may be helpful, does not make it crucial.[13] The *Shelton* test "is intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy. Because this abuse of the discovery process had become an ever increasing practice, this Court erected the Shelton test as a barrier to protect trial attorneys from these depositions."[14]

It is plaintiffs' burden to prove that Mr. Bernstein has information crucial to the preparation to their case and that they have no other way of obtaining it.[15] As with the first prong, plaintiffs cannot satisfy the third prong of *Shelton*, because any information they seek from Mr. Bernstein can be obtained through other sources. In effect, Mr. Bernstein's deposition is not crucial to the preparation of their case.[16] Accordingly, plaintiffs should be prohibited from deposing Mr. Bernstein.

### 2. The Court Should Prohibit the Deposition of Travelers' In-House Counsel, Lisa Cronin

Plaintiffs seek to depose Lisa Cronin, Travelers' in-house counsel. Courts in numerous jurisdictions, including the Western District of Washington, have held that a party seeking to depose the opposing party's in-house counsel must prove the factors in the *Shelton*

---

[12] *Shelton,* 805 F.2d at 1330.

[13] *FMC Technologies, Inc.,* 2007 WL 836709, at *4.

[14] *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730-31 (8th Cir. 2002).

[15] *Lloyd Lifestyle Ltd.*, 2006 WL 753243, at *2.

[16] *FMC Techs., Inc.*, 2007 WL 836709, at *5.

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA OF LLOYD BERNSTEIN AND LISA CRONIN – Case No.: 2:16-cv-00706-JCC      Page 6      Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810, Seattle, Washington 98101
Telephone: (206) 292-8930

test.[17] Plaintiffs cannot establish the factors set out in the *Shelton* test for determining whether deposing the opposing party's lawyer is appropriate, and therefore they should be prohibited from deposing Ms. Cronin.

### A. Any information Ms. Cronin may have concerning the investigation is available through other means.

Counsel for the defendant, including in-house counsel, should not be required to testify where the information sought is available through other means. For example, where the information sought is available through depositions of non-attorney employees or documents, in-house attorneys should not be required to testify.[18]

Plaintiffs deposed Mathew Gjersee, the claims adjuster who handled plaintiffs' claim, on May 3, 2016. As the claims adjuster who handled plaintiffs' claim, Mr. Gjersee is the Travelers' employee most knowledgeable about how the claim was handled. Plaintiffs have noticed the deposition of Roopesh Sharma, Mr. Gjersee's direct supervisor, and Roman Cross, the engineer Travelers hired to review the damage and calculate an estimate for repair. Plaintiffs have commanded both Mr. Sharma and Mr. Cross to bring a complete copy of their files relating to the litigation. Any factual information that Ms. Cronin has concerning the investigation of plaintiffs' claim is contained in the claim file, which has been produced. In short, any and all non-privileged information Ms. Cronin has concerning plaintiffs' claims is available through other means.

---

[17] *See e.g., Busey v. Richland Sch. Dist.*, No. 13-CV-5022-TOR, 2014 WL 1404580, at *1 (E.D. Wash. Apr. 10, 2014) (granting motion for protective order to prohibit plaintiff from taking the deposition of defendant's in-house counsel because plaintiff failed to meet the elements of the *Shelton* test); *Bybee Farms LLC v. Snake River Sugar Co.,* No. CV-06-5007-FVS, 2008 WL 820186, at *1 (E.D. Wash. Mar. 26, 2008) (granting motion to quash deposition notice of defendant's in-house counsel because plaintiff failed to meet the elements of the *Shelton* test); *Caterpillar Inc. v. Friedemann*, 164 F.R.D. 76, 77 (D.Or.1995) (granting motion to quash subpoena to senior in-house attorney because defendant failed to meet *Shelton* test).

[18] *Shelton*, 805 F.2d at 1327.

**B. Internal communications between Ms. Cronin and other Travelers' employees is protected by attorney-client privilege and is work product.**

The attorney-client privilege applies to communications between in-house counsel and lower-level employees in an organization when those communications are made in order to secure legal advice.[19] The purpose of the attorney-client privilege is to encourage candid communications between client and counsel and effective counsel "depends on the lawyer being fully informed by the client."[20] Attorney-client privilege applies in the corporate setting "to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."[21]

Under some circumstances, courts will find that attorney-client privilege is waived by implication where a party "takes a position in litigation that makes it unfair to protect that party's attorney-client communications."[22] Plaintiffs have not asserted attorney-client privilege has been waived, and there is no basis upon which to find that it has been waived.

Under *Cedell*, the insurer has the burden of proving that its pre-litigation communications with an attorney are protected by the attorney-client privilege. *Cedell* requires an insurer to disclose documents pertaining to its "quasi-fiduciary" duties. Even under *Cedell,* federal courts in Washington have held where an in-house coverage counsel gives advice on coverage liability for a claim, their advice and communications are protected by attorney-client privilege.[23] For example, in *MKB Constructors v. Am. Zurich Ins. Co.*,

---

[19] *Upjohn Co. v. United States*, 449 U.S. 383, 394–95, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

[20] *Id.* at 395.

[21] *Id.* at 390-391.

[22] *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (internal quotes omitted).

[23] *MKB Constructors v. Am. Zurich Ins. Co.*, C13-0611JLR, 2014 WL 3734286, at *2 (W.D. Wash. July 28, 2014).

where the insurer's in-house counsel gave opinions concerning the legal obligations at issue on a given claim, but the claims adjusters made the determination of whether to deny coverage, the communications between the in-house attorney and the claims adjuster were privileged and not subject to production.[24]

Here, even under *Cedell,* any testimony that Ms. Cronin might give is protected by attorney-client privilege. Ms. Cronin was not responsible for the investigation and evaluation of the claim; she did not make decisions regarding the claim; and she did not take any examinations under oath or interview the insured or other witnesses. Declaration of Lisa Cronin at ¶¶ 4-6. In fact, Ms. Cronin did not become involved in this claim until after plaintiffs' served their filed IFCA Notice and Complaint. *Id.* at ¶ 2. Thus, under *Cedell*, Ms. Cronin's communications remain protected by attorney-client privilege.

In their notice of deposition and subpoena, plaintiffs command Ms. Cronin to bring a copy of her file relating to this litigation. Any non-privileged documents Ms. Cronin has within her possession have already been produced. To the extent that those documents are protected by attorney-client privilege or work product protection, they have been withheld and noted on the privilege log provided to plaintiffs. Under the *Shelton* test, plaintiffs have the burden of proving that these documents and any testimony Ms. Cronin would give are relevant and non-privileged.

### C. Plaintiffs cannot demonstrate that any information Ms. Cronin has is crucial to the preparation of their case.

The burden of establishing the right to discovery from opposing counsel is upon the requesting party.[25] Under the *Shelton* test, plaintiffs must identify what information

---

[24] *Id.*

[25] *Lloyd Lifestyle Ltd.*, C06-0349C, 2006 WL 753243, at *2.

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA OF LLOYD BERNSTEIN AND LISA CRONIN – Case No.: 2:16-cv-00706-JCC

Page 9

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone: (206) 292-8930

Ms. Cronin has that is crucial to the preparation of their case.[26] Because any information sought from Ms. Cronin can be obtained from other sources, it seems unlikely that plaintiffs can demonstrate that she has information crucial to the preparation of their case.

Plaintiffs cannot meet any of the prongs set forth in the *Shelton* test. Consequently, plaintiffs should be prohibited from deposing Ms. Cronin.

## V. CONCLUSION

Based on the foregoing reasons, Travelers respectfully requests that the Court enter an order quashing the subpoenas or otherwise enter a protective order forbidding the depositions of Mr. Bernstein and Ms. Cronin.

DATED: June 9, 2016

BULLIVANT HOUSER BAILEY PC

By  /s/ Lloyd Bernstein
Lloyd Bernstein, WSB #46244
E-mail:  lloyd.bernstein@bullivant.com

Attorneys for Defendant Travelers Home and Marine Insurance Company

4810-6286-9553.1

---

[26] *See e.g. Bybee Farms LLC*, 2008 WL 820186, at *3 (granting defendant's motion to quash deposition of defendants' counsel because, among other reasons, plaintiffs did not demonstrate that a deposition of defendant's counsel was critical to the preparation of their case).

MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENA
OF LLOYD BERNSTEIN AND LISA CRONIN –
Case No.: 2:16-cv-00706-JCC

Page 10

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:  (206) 292-8930

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel listed below:

Attorneys for Plaintiffs:

William C. Smart
wsmart@kellerrohrback.com
Kathryn M. Knudsen
kknudsen@kellerrohrback.com
Keller Rohrback LLP
1201 Third Ave., Suite 3200
Seattle, WA 98101-3052

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 9th day of June, 2016, at Portland, Oregon.

        /s/ Lloyd Bernstein
Lloyd Bernstein, WSBA #46244

Of Attorneys for Defendant