The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURT BAGLEY and SANDRA BAGLEY, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY,<br><br>Defendant. | No. 2:16-CV-00706- JCC<br><br>PLAINTIFFS' MOTION FOR DISCOVERY SANCTION<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 23, 2016 |

## I. RELIEF REQUESTED

Plaintiffs Curt and Sandra Bagley respectfully request an order imposing a discovery sanction under Fed. R. Civ. P. 37(b)(2)(A)(ii) prohibiting Travelers from opposing the Bagleys' extra-contractual claims or presenting any defenses.

## II. FACTS

The Bagleys' dock and ramp were damaged in a storm on November 12, 2015. The Bagleys live on an artificial waterway protected on all four sides from water waves. The Bagleys submitted an insurance claim for the damage asserting that it was caused by a covered peril, wind. Travelers on three occasions denied their claim, asserting that the damage was caused by an excluded peril, waves. After the Bagleys sued, Travelers' expert concluded, as the

PLAINTIFFS' MOTION FOR DISCOVERY SANCTION
2:16-CV-00706- JCC - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Bagleys had contended form the start, that waves were not a possible cause of the damage. All of this has been established in previous motion practice.

This motion is based on two discovery orders entered by the Court. The adjustor assigned to the Bagleys' claim, Matt Gjersee, testified that his only claims handling training came in a session given by Lloyd Bernstein and Lisa Cronin in April 2016. The Court has ruled twice that the content of this training is discoverable. Despite this, Travelers refuses to produce the training through the use of heavy and strategic redactions to the training materials.

First, on July 5, 2016, the Court held that the training material from the April 2016 training was not privileged and must be produced. Dkt. No. 32 at 8. The Court held:

> [I]n training claim adjusters on claim handling, Mr. Bernstein and Ms. Cronin necessarily taught the adjusters how to engage in a textbook quasi-fiduciary task. The Court therefore finds that the leading the training session itself was a quasi-fiduciary task. Moreover, Defendant has failed to establish that this activity would even meet the definition of privileged information. Defendant does not argue that Mr. Bernstein and Ms. Cronin were responding to 'confidential disclosures made by a client to an attorney in order to obtain legal advice.' Nor does Mr. Gjersee's testimony suggest that that is what occurred during the training. **Defendant therefore fails to establish that the content of the April 2016 training is privileged.**

*Id.* (emphasis added).

Travelers moved for reconsideration. On August 25, 2016, the Court again held that the training material is discoverable. The Court explained that its original ruling was that: "the content of this training **and the materials distributed during it** were discoverable." Dkt. No. 81 at 5 (emphasis added). The Court explained again: "regardless of whether this training involved a quasi-fiduciary task, **its contents were not privileged**" and "**training adjusters on claim handling was too intimately involved with that activity to be excluded from discovery** in insurance bad faith litigation. . . ." *Id.* (emphasis added). The Court therefore denied Travelers' motion for reconsideration. *Id.* at 6.

PLAINTIFFS' MOTION FOR DISCOVERY SANCTION
2:16-CV-00706- JCC - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

On September 2, 2016, Travelers ostensibly produced the training materials used in the April 2016 training. Unfortunately, instead of heeding the Court's instruction that "this training and the materials distributed during it were discoverable," Dkt. No. 81 at 5, Travelers produced only selected parts of the training and redacted the rest. Knudsen Decl. Ex. A at TRAV001103, 001115–18; 001132–33; 001140; 001146; 001150; and 001156–60.

And the redactions take on a strategic hue when the facts of the *Bagley* case are borne in mind. As Travelers originally cast its denial, it viewed the claim as involving two potential causes of loss, one covered and one excluded. But Travelers has redacted precisely the training on the handling of such cases, under the rubric covering the "Efficient Proximate Cause Rule." Knudsen Decl., Ex. A at TRAV001115–18. Other redactions include, among other things, Travelers' training on what constitutes improper claim handling and bad faith, such as: "The initial (30-Day) ROR Letter Do's and Don'ts"; "Potential 'Red Flags'"; "IFCA – Reasonableness of Denial"; "First Party Bad Faith – Examples"; "The Claims Process on Trial."

Ironically, the training material itself explains that it is general training and <u>not</u> privileged legal advice given in the context of an attorney-client relationship. This is ironic because Travelers opposed discovery of the training from the start on precisely these grounds. The training material explains:

> The information in this document is for **general purposes only** and **should not be construed as legal advice** or specific facts or circumstances . . . We urge you to consult with an experienced lawyer concerning any specific legal questions you may have in the context of your particular factual situation. **No attorney-client relationship results from this document** or any exchange of general information.

*Id.* at TRAV001088 and 001162 (emphasis added).

Travelers did not provide a privilege log attempting to explain any of the redactions.

PLAINTIFFS' MOTION FOR DISCOVERY SANCTION
2:16-CV-00706- JCC - 3

**Keller Rohrback l.l.p.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III. CERTIFICATION

Counsel conferred with counsel for Travelers regarding the production of the April 2016 training material. Travelers refuses to agree to produce the training material it has redacted.

### IV. AUTHORITY

The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Travelers refuses to abide by the Court's two orders specifically holding that the April 2016 training is discoverable. Doc. Nos. 32, 81. This is now the third motion directed at this subject.

Fed. R. Civ. P. 37(b)(2) allows sanctions against a party that refuses to obey a discovery order, including an order "prohibiting the disobedient party from supporting or opposing claims or defenses . . ." Fed. R. Civ. P. 37(b)(2)(A)(ii). It is reasonable to infer that the training Travelers refuses to produce will support the Bagleys' contention that Travelers denied their claim in bad faith. Accordingly, it is appropriate that the Court impose as a sanction for Travelers' refusal to produce the training materials an order prohibiting Travelers from opposing the Bagleys' extra-contractual claims or supporting any defenses to the same.

If Travelers produces the un-redacted training material prior to the noting date of this motion, plaintiffs will withdraw this motion.

PLAINTIFFS' MOTION FOR DISCOVERY SANCTION
2:16-CV-00706- JCC - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 8th day of September, 2016.

                        KELLER ROHRBACK L.L.P.

By: s/ *Kathryn Knudsen*
    William C. Smart, WSBA #8192
    Kathryn M. Knudsen, WSBA #41075
    Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR DISCOVERY SANCTION
2:16-CV-00706- JCC - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

> Lloyd Bernstein
> 300 Pioneer Tower
> 888 SW Fifth Avenue
> Portland, OR 97204
> loyd.bernstein@bullivant.com
> ***Attorneys for Defendant***

By: s/ *Shannon K. McKeon*
Shannon K. McKeon
Legal Assistant
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(206) 623-1900

PLAINTIFFS' MOTION FOR DISCOVERY SANCTION
2:16-CV-00706- JCC - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384